# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LUIS GÓMEZ ÁVILA,** *Petitioner,* v. **UNITED STATES OF AMERICA,** *Defendants.* | **CIVIL NO. 16-2228 (DRD)** **(Related to Crim. No. 12-414-4 (DRD)** |

## OPINION AND ORDER

Pending before the Court is Luis Gómez-Ávila's ("Petitioner" or "Gómez-Ávila") *Pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* in Criminal Case No. 12-414. (D.E. 1)[1]. Respondent, the United States of America (hereinafter, the "Government") filed its respective response in opposition thereto. (D.E. 8). For the reasons stated herein, the Court **DENIES** Petitioner's *Motion to Vacate Under 28 U.S.C. § 2255*. *See* D.E. 1.

### I. BACKGROUND

On May 24, 2012, Gómez-Ávila a Grand Jury returned a Six-Count Indictment against seventy-four (74) defendants including the Petitioner. The defendants were charged with a conspiracy from 2004 to 2012 of knowingly and intentionally possessing with intent to distribute and/or to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of cocaine (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of heroin, a Schedule I Narcotic Controlled Substance; in excess of five (5) kilograms of cocaine, a Schedule II Narcotic Drug Controlled Substance; in excess of one hundred (100)

---

[1] D.E. is an abbreviation for docket entry number.

kilograms of marijuana, a Schedule I Controlled Substance; within one thousand (1,000) feet of the real property comprising housing facilities owned by a public housing authority, to wit, El Coral, Lagos de Blasina and El Faro Public Housing Projects all in violation to 21, U.S.C. §§ 841(a)(1) and 860 (hereinafter, "Count One"); aiding and abetting in the possession/distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 860 and 18 U.S.C. § 2 (hereinafter, "Count Two"); aiding and abetting in the possession/distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 860 and 18 U.S.C. § 2 (hereinafter, "Count Three"); aiding and abetting in the possession/distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 860 and 18 U.S.C. § 2 (hereinafter, "Count Four");18, U.S.C. §§ 2 and 924(c); aiding and abetting in the possession/distribution of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 860 and 18 U.S.C. § 2 (hereinafter, "Count Five"); and <u>using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)</u> (hereinafter, "Count Six"). *See* Crim. No. 12-414 (DRD), D.E. 3.

On June 11, 2014, the Petitioner pled guilty to Counts One and Six of the Indictment. *See* Crim. No. 12-414 (DRD), D.E. 2020 and D.E. 2022). Accordingly, on October 9, 2014, Gómez-Ávila was sentenced to a term of imprisonment of one hundred twenty-one (121) months as to Count One and sixty (60) months as to Count Six, to be served consecutively with each other for a total term of imprisonment of one hundred and eighty-one (181) months. *See* Crim. No. 12-414 (DRD), D.E. 2227. Judgment was entered accordingly on that same day, October 9, 2014. *See* Crim. No. 12-414 (DRD), D.E. 2228.

On November 7, 2014, Gómez-Ávila filed a *Notice of Appeal* as to the Judgment. *See* Crim. No. 12-414 (DRD), D.E. 2255. Furthermore, on December 5, 2014, the Petitioner filed a *Motion*

*for Reduction of Sentence* pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines (USSG). *See* Crim. No. 12-414 (DRD), D.E. 2289. On December 16, 2015, the Court entered an Order granting Gómez-Ávila's *Motion for Sentence Reduction* and accordingly, reducing his previously imposed sentence as to Count One from 121 months of imprisonment to 97 months of imprisonment [2] *See* Crim. No. 12-414 (DRD), D.E. 2626. On August 11, 2016, the First Circuit dismissed Gómez-Ávila's appeal. *See* Crim. No. 12-414 (DRD), D.E. 2723.

On June 28, 2016, Gómez-Ávila filed the instant *Pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* in Criminal Case No. 12-414 (D.E. 1) claiming entitlement of relief pursuant to *Johnson v. United States*, 576 U.S. __ (2015); 135 S. Ct. 2551; 192 L. Ed 2d 569. On May 24, 2017, the Government filed its Response in opposition thereto. *See* D.E. 8.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate, set aside, or correct his or her sentence by showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." However, "[r]elief under [§ 2255] is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has

---

[2] Reduction was applied to Count One to be served consecutively with the previously imposed sentence of 60 months as to Count Six for a total term of 157 months of imprisonment. As Count Six provides a mandatory statutory term under 18 U.S.C. § 924 (c)(1)(A), the sentence as to Count Six remained unaltered.

occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013) (citations omitted); s*ee Knight v. United States*, 37 F.3d 769, 772-73 (1st Cir. 1994).

### III.  DISCUSSION

Petitioner filed his § 2255 Petition seeking his sentence to be vacated under *Johnson v. United States*, 576 U.S. ____, 135 S.Ct. 2551 (2015), based on the fact that he was convicted under the § 924(c) statute. *See* D.E. 1, p. 4. In *Johnson*, *id.*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ["ACCA"] was unconstitutionally vague and that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson*, 576 U.S. at ____, 135 S.Ct. at 2555-63. The ACCA provides for enhanced penalties for defendants with three qualifying prior felony convictions for either serious drug offenses or "violent felonies." The ACCA defines a "violent felony" as a crime punishable by imprisonment for a term exceeding one year "that - (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, <u>or otherwise involves conduct that presents a serious potential risk of physical injury to another</u>." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The underlined portion is known as the ACCA's "residual clause." The Supreme Court determined the ACCA's "residual clause" to be unconstitutionally vague because its application was too "wide- ranging" and "indeterminate." Id. On April 18, 2016, the United States Supreme Court determined that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 578 U.S. ____ (2016), 136 S.Ct. 1257, 194 L.Ed. 2d 387.

4

The Court notes that the Petitioner was convicted as to § 924(c)(1)(A), which prohibits the possession of a firearm in furtherance of a "crime of violence" or a drug trafficking crime. Particularly, § 924(c)(3) defines "crime of violence" as "an offense that is a felony and - (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that <u>by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense</u>." 18 U.S.C. § 924(c)(3)(B)(emphasis added). The underlined portion above is known as the "residual clause" of § 924(c)(3). The Court further notes that Petitioner was convicted and sentenced under the provision of 18 U.S.C. § 924(c) that pertains to the use of a <u>firearm during and in relation to a drug crime</u>. *See United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016)(declining to address the merits of a *Johnson* claim where the defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime). As neither the conviction nor the sentence in this case rest upon § 924(c)'s definition of a "crime of violence," but upon the use of a firearm in furtherance of a drug trafficking crime, *Johnson* is inapplicable to the circumstances of Petitioner's case. Thus, the Petitioner's *Johnson* related claim is meritless. *United States v. Hare*, 820 F.3d at 105-106.

Accordingly, the Court hereby **DENIES** Petitioner, Luis Gómez-Ávila's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody* in Criminal Case No. 12-414 (DRD) (D.E. 1).

## IV.  CONCLUSION

For the elucidated above, the Court determined that Petitioner, Luis Gómez-Ávila's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody*

in Criminal Case No. 12-414 (DRD) (D.E. 1) is meritless and, hence, must be **DENIED.** Judgment of dismissal is to be entered accordingly.

It is further ordered that no certificate of appealability should be issued in the event that Petitione**r** filed a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 2019.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge